## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                    )
GAYNELL WILLIAMS JR.,                               )
              Plaintiff,                            )
                                                    )
                                                    )
v.                                                  )          **CIVIL ACTION**
                                                    )          **NO. 14-40179-TSH**
FNU BISCEGLIA, JOHN DOE,                            )
GARY J. GEMME, and                                  )
THE CITY OF WORCESTER,                              )
              Defendants.                           )
_____)


## ORDER
**July 21, 2015**


**HILLMAN, D.J.**


### Nature of the Case

Gaynell Williams, Jr. ("Williams" or "Plaintiff") filed suit against Officer Bisceglia

("Officer Bisceglia"), Chief of Police Gary J. Gemme ("Chief Gemme") and the City of

Worcester ("City") pursuant to 42 U.S.C. §1983 alleging claims for "unreasonable" arrest and

wrongful incarceration (Count I), false arrest (Count II), and negligence pursuant to the

Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258 ("MTCA")(Count III).  More specifically,

he alleges that Officer Bisceglia requested that he be arrested in North Carolina on a fugitive

warrant for a crime committed five years earlier in the City by a "Gaynell Williams" with a

different date of birth and social security number.  He further alleges that he was in fact arrested,

extradited (voluntarily) and incarcerated for approximately four months before evidence was

obtained that established he could not have committed the crime charged.  This Order addresses

Plaintiff's Motion, Memorandum Included, For Leave To File Second Amended Complaint,

Adding No Additional Parties Or Claims [Fed.R.Civ. 15(a)(2)] (Docket No. 8).  For the reasons

set forth below, that motion is *allowed,* in part, and *denied*, in part.  This Order also addresses

Brian Bisceglia's Motion To Dismiss (Docket No. 10) and Gary Gemme and City of Worcester's

Motion to Dismiss (Docket No. 12).  For the reasons set forth below, Officer Bisceglia's motion

is *denied* and the City's and Chief Gemme's motion is *allowed.*

## The Motions To Dismiss

### *Standard of Review*

In a motion to dismiss under Fed.R.Civ.P.  12(b)(6), the Court "must assume the truth of

all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom."

*Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir.2007) (citing *Rogan v. Menino,*

175 F.3d 75, 77 (1st Cir. 1999)). In deciding a motion to dismiss, the Court may consider

materials attached to or incorporated by reference in the complaint, or that are a part of the

pleading itself. *Trans–Spec Truck Serv. v. Caterpillar,* 524 F.3d 315, 321 (1st Cir. 2008). To

survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must

be enough to raise a right to relief above the speculative level, ... on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

However, the Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v.*

*Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir. 1996). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,*

550 U.S. at 556, 129 S.Ct. 1937). Dismissal is appropriate if plaintiff's well-pleaded facts do not

"possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC,* 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

<u>*Officer Bisceglia's Motion To Dismiss*</u>

Williams asserts that on or about June 23, 2011, Officer Bisceglia requested that the state police in North Carolina arrest him for an alleged assault which took place in Worcester, Massachusetts on May 28, 2006.  He further alleges that Officer Bisceglia made this request despite the fact that Williams's full name, date of birth and social security number did not match those listed on the application for complaint filed in connection with the alleged assault.  A warrant was issued in North Carolina for Williams, with his correct date of birth and social security number.  He was arrested on June 23, 2011.  He waived extradition to Massachusetts and was returned to the Commonwealth where he was held without bail at the Worcester County House of Correction.  On August 26, 2011, Williams appeared in the Worcester District Court for arraignment and it was at that time he realized that the person named in the criminal complaint had a different full name, birth date and social security number; his Court appointed attorney informed the police and prosecutor of the discrepancy.  Williams asserts that the "police" continued to press charges against him and he was held on $300,000 bail.  Neither Officer Bisceglia, nor Chief Gemme took any action to have the charges dismissed.  After Williams's counsel obtained proof that he was in North Carolina on May 28, 2006, the day of the underlying assault, the charges against him were dismissed and he was released; his release occurred on October 27, 2011[1].

---

[1] Williams seeks to hold the Defendants responsible for his entire wrongful incarceration until October 27 2011.  The issue is not before me at this time, so it is not necessary for me to address at this time, whether accepting Plaintiff's allegations as true, the entire wrongful period of incarceration can legally be attributed to the Worcester Police Department.

Bisceglia has filed an affidavit stating that he was not involved in either the investigation of the May 28, 2006 assault or the extradition of Williams to Massachusetts. However, the affidavit is a matter outside of the pleadings and therefore, cannot be considered by the Court unless his motion to dismiss is converted into one for summary judgment— it has not been so converted. *See Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 12 (1st Cir. 2004)(In ruling on whether plaintiff has stated an actionable claim, inquiring court must consider complaint, documents annexed to it, and other materials fairly incorporated within it or matters that are susceptible to judicial notice; court, however, cannot consider of affidavits and miscellaneous documents proffered by parties). Given that this matter was presented to and argued before the Court based on the four corners of the First Amended Complaint, I am denying the motion to dismiss. At the same time, Officer Bisceglia has presented information to the Court and the Plaintiff which call into question the validity of the factual allegations which form the bases of Plaintiff's claims against him. For this reason, the Court will require the parties to submit a joint expedited scheduling order (including the filing of dispositive motions) to the Court for purposes of addressing Plaintiff's claims against Officer Bisceglia. Plaintiff shall be allowed a minimal amount of discovery limited to the issue of whether Officer Bisceglia had any communications with North Carolina law enforcement regarding Plaintiff's arrest and extradition to Massachusetts in August 2011, or had any other involvement in said extradition.[2]

---

[2] At this stage of the proceedings, the Court does not have sufficient facts to determine whether Bisceglia would be entitled to qualified immunity of the facts are as alleged by the Plaintiff. For that reason, his motion to dismiss on that ground is denied.

*The City and Chief Gemme's Motion To Dismiss*

*Williams's Section 1983 Claim*

To establish municipal liability, a plaintiff must show that "the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris,* 489 U.S. 378, 387, 109 S.Ct. 1197 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95, 98 S.Ct. 2018 (1978).  Thus, the plaintiff is required to demonstrate both the existence of a policy or custom and a "direct causal link" between that policy and the alleged constitutional deprivation. *Harris,* 489 U.S. at 385, 109 S.Ct. 1197; *see also Monell,* 436 U.S. at 694, 98 S.Ct. 2018 (policy must be the "moving force [behind] the constitutional violation"); *Santiago v. Fenton,* 891 F.2d at 373, 381–82 (1st Cir. 1989). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson,* – U.S. –, –, 131 S.Ct. 1350, 1359 (2011).

To impose liability against the City [3] under *Monell*, Williams must assert that a policy, custom and/or failure to train caused an injury to him that amounts to a constitutional violation, and allege fact which establish that his claim is plausible on its face.  As to the claims against Chief Gemme in his individual capacity, supervisory liability also cannot be based on a theory of *respondeat superior,* that is, an official cannot be held vicariously liable for the conduct of his subordinates—instead, such official can only be held liable on the basis of his own acts or omissions.  *Monell*, 436 U.S. at 691, 98 S.Ct. 2018.  A supervisor may be held liable for a subordinate's acts where the subordinate's behavior resulted in a constitutional violation *and* the supervisor's "action or inaction was 'affirmatively linked' to the behavior in that it could

---

[3] Williams's claims against Chief Gemme in his official capacities are treated as claims against the City.

characterized as 'supervisory encouragement, condonation acquiescence' or gross negligence amounting to 'deliberate indifference'". *Howe v. The Town of North Andover*, 784 F.Supp.2d 24, 29 (D.Mass. 2011).  As with his *Monell*  claim against the City, Williams must allege facts to support his supervisory claim against Chief Gemme—it is not sufficient for him to simply formalistically recite the necessary elements of such a claim. *Iqbal*, 556 U.S. at 681, 129 S.Ct. 1937.

The sum total of Plaintiff's allegations in support of his *Monell* claim against the City and his supervisory claim against Chief Gemme are as follows:

Due to incidents at the WPD prior to the arrest of Plaintiff Williams of false arrest and wrongful incarceration resulting from misidentification of subjects and/or negligence or other misconduct of officers, Chief Gemme knew of deficiencies in training and supervision of WPD officers that caused such incidents to occur. Despite this knowledge Chief Gemme took no substantive action to address deficiencies in training and supervision of WPD officers that posed a clear risk of false arrests and wrongful incarceration, notwithstanding that corrective training and supervisory measures were readily available.

Chief Gemme failure to take action to remedy the said deficiencies resulted from deliberate indifference to the right of persons, including Plaintiff Williams, to be free to be free from unreasonable arrest and wrongful incarceration.

In the alternative, Gemme's failure to appropriately train and supervise WPD officers to avoid false arrest and wrongful incarceration was negligent.

The City and Chief Gemme argue that the claims against them must be dismissed because: (1) the evidence that has been submitted, in the form of Officer Bisceglia's affidavit, establishes that as a matter of law he did not violate Williams's constitutional rights and therefore, the City and Chief Gemme cannot be liable; and (2) Williams's factual allegations are insufficient to establish *Monell* claim against the City, or a supervisory claim against Chief Gemme.  These Defendants' first argument fails as I have previously determined that the claims against Officer Bisceglia survive his motion to dismiss.  However, I agree with the City and Chief Gemme that the

conclusory allegations contained in the First Amended Complaint fail to state a plausible claim against them.

The First Circuit has upheld conclusory language similar to that alleged by the Plaintiff where the supporting facts asserted elsewhere in the complaint establish "the affirmative link necessary to sufficiently plead a supervisory liability claim," and/or a policy or custom of the City which led to the alleged constitutional violation. *See Morales v. Chadbourne*, --- F.3d---, No. 14-1425, 2015 WL 4385945, *11 (Jul. 17, 2015). In this case, Plaintiff has not pled any supporting facts which would support his bare, conclusory allegations against the City and Chief Gemme. On the contrary, these are the same type of conclusory allegations that the Supreme Court found deficient in *Iqbal*. Therefore, these Defendants motion to dismiss the Section 1983 claims against them is allowed.

### Williams's Negligence Claim

Plaintiff has alleged a negligence claim against the City pursuant to the MTCA because the conduct of Officer Bisceglia and Chief Gemme caused him to be arrested and falsely imprisoned. The City argues that Plaintiff has failed to state a claim because the MTCA provides that municipalities are immune from liability for any claims arising from intentional torts such as false arrest and false imprisonment, and/or because his arrest/imprisonment falls within the discretionary function exception. *See* Mass.Gen.L. ch. 258, §§10(b),(c). Williams does not address the City's assertion that it is immune from liability for intentional torts and addresses the City's discretionary function argument in a cursory manor. Given that Plaintiff has, in effect, failed to oppose the City's motion, it is *allowed*.

### The Motion To Amend

Williams's counsel has represented that the proposed amendments are intended to correct errors in the factual allegations made in the First Amended Complaint (and, presumably, the original complaint) and do not change the substance of the claims or add additional parties. The Defendants argue that the motion to amend the complaint should be denied as futile, because Williams has failed to state a claim against them in the First Amended Complaint, and the proposed amendments do not cure the deficiencies in Williams's allegations.  Because the proposed amendments do not change the substance of the allegations against Officer Bisceglia as to him, the motion to amend is *allowed*.  At the same time, I would be remiss if I did not comment on the nature of Williams's factual "clarifications," which counsel seems to suggest are ministerial in nature.  In the first two versions of the complaint, it is stated that:

> "On or about June 23, 2011, Officer Bisceglia *by affidavit* requested state police in NorthCarolina to arrest Gaynell Williams Jr. *on a fugitive warrant charging him with the* alleged assault in Worcester, even though his full name (including the "Junior"), date of birth, and Social Security number did not match those listed on the application for complaint in 2006."

*See Complaint*, at ¶14; *First Amended Complaint*, at ¶16 (emphasis added).

However, in the Second Amended Complaint, Williams amends the facts to provide that Officer Bisceglia requested that the North Carolina state police arrest him (it is not clear how the request was communicated, but Williams has deleted the assertion that it was by way of affidavit) and Williams also deletes the reference to the arrest being pursuant to a fugitive warrant. *See Second Amended Complaint*, at ¶19.  He then adds the following paragraph 20:

> 20. **According to a fugitive affidavit prepared by a North Carolina official, Bisceglia sent a message stating that a crime occurred in Worcester County on June 23, 2011, and "the defendant named above is now in the State of North Carolina and has been charged with the commission of that crime and has fled from justice.**

Williams waited nearly three years to file this case and one would presume that he or his counsel was in possession of the paperwork which backs up his claims.  Certainly, the first two versions of the complaint suggest both that there was an affidavit signed by Officer Bisceglia and a fugitive warrant issued by the Worcester Police Department pursuant to which the North Carolina state police arrested Williams. The Second Amended Complaint, assuming it is accurate, suggests that these factual assertions were untrue. Given that the Defendants have suggested that Officer Bisceglia was neither involved in the investigation of the underlying assault, nor the extradition of Williams to Massachusetts, such factual "clarifications" are not simply ministerial in nature.  On the contrary, they raise the question as to whether Rule 11 sanctions may ultimately be appropriate. For that reason, while I am denying Defendants' request for sanctions under Fed.R.Civ.P. 11 in the first instance, because they were not filed in accordance with this Court's rules, *see* Fed.R.Civ.P. 11 (c), that denial is without prejudice to Defendants filing a proper Rule 11 sanctions motion at a later date, should circumstances warrant.

As to Williams's allegations against the City and Chief Gemme, I agree with the Defendants that the proposed amendments do not cure the pleading deficiencies with respect to the claims against these Defendants, and therefore, as to them, the motion to amend is denied, as futile.  At this stage of the proceedings, Plaintiff will not be granted leave to further amend his claims against the City and Chief Gemme.  The Court may revisit this issue at a later date should Plaintiff's claims against Officer Bisceglia survive.  However, I want to make clear that the limited discovery which Plaintiff is being allowed does not include discovery to bolster any possible future *Monell* claims against the City, or supervisory claims against Chief Gemme—in other words, Plaintiff *shall not* seek discovery on these issues.

**Conclusion**

1.  Plaintiff's Motion, Memorandum Included, For Leave To File Second Amended Complaint, Adding No Additional Parties Or Claims [Fed.R.Civ. 15(a)(2)] (Docket No. 8), is *allowed*, in part and *denied*, in part.  Plaintiff shall forthwith file his Second Amended Complaint as provided in this Order.

2. Brian Bisceglia's Motion To Dismiss (Docket No. 10) is *denied*.

3.  Gary Gemme and City of Worcester's Motion to Dismiss (Docket No. 12) is *allowed*.

The parties shall submit the Joint Scheduling Order referred to above on or before August 21, 2015; that scheduling order shall provide for the filing of dispositive motions on the limited issue of Officer Bisceglia's involvement in Williams's arrest on or before October 2, 2015.

**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE

10